[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13042
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cr-14069-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED E. DAKING, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2021)

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Alfred Daking, Jr., a 77-year-old federal prisoner, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Because the district court did not err in denying Daking's motion, we affirm.

## I.    Background

Daking is currently serving a 180-month sentence for transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1).[1]  The district court sentenced Daking to 180 months' imprisonment and a lifetime of supervised release, which was below Daking's applicable guidelines range of 235 to 240 months' imprisonment.

After serving a little over half of his sentence, in May 2020, Daking filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release based on his age, his health issues, and the COVID-19 pandemic.  The district court appointed him counsel, and, with the benefit of counsel, Daking supplemented his § 3582(c)(1)(A) motion.

Daking argued the district court should grant him compassionate release because he was 77 years old and suffered from multiple health conditions that made him more susceptible to serious complications or death from COVID-19, including hyperinflated lungs (which he claimed was associated with chronic

---

[1] Daking's presentence investigation report ("PSI") explains that the charge arose out of the virtual sexual exploitation of his (then) 13-year-old step-nephew.  Daking also had two prior convictions for sexual assault involving sexual contact with minors.

obstructive pulmonary disease ("COPD")), hypertension, bilateral leg edema, a prosthetic eye, and a history of gastrointestinal disorders and skin cancer. He argued that his vulnerability to COVID-19 was an "extraordinary and compelling reason" justifying compassionate release. Daking also argued that the 18 U.S.C. § 3553(a) sentencing factors supported his request for compassionate release.

Following the government's response in opposition, the district court denied Daking's motion for three reasons. First, the district court concluded that Daking was ineligible for a reduction because he failed to show an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13 as he had not demonstrated that his ailments were terminal, that he was unable to provide self-care while incarcerated, or that the BOP medical staff was unable to provide him adequate healthcare in light of COVID-19. Although the court stated that it was sympathetic to his health challenges, the court found that the mere existence of COVID-19 was not enough independently to justify compassionate release. Second, the court concluded that, regardless of whether his health conditions constituted extraordinary and compelling reasons for compassionate release, the 18 U.S.C. § 3553(a) factors did not support a reduction in sentence considering the nature and circumstances of the offense and Daking's criminal history. Finally, the court found that granting Daking compassionate release would be inconsistent with the applicable policy statements because he posed a danger to society—not only to

3

minors within his community but to any minor with access to the internet. Daking now appeals the denial of his motion.

## II.   Standard of Review

We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). And because § 3582(c)(1)(A) "permissively states that a district court 'may' reduce a sentence after eligibility is established, we review for abuse of discretion a district court's grant or denial of an eligible defendant's reduction request." *Id.*

## III.   Discussion

Daking argues that we should reverse the district court's denial of his § 3582(c)(1)(A) motion for three reasons: (1) the district court erred in finding that Daking was ineligible for relief because he failed to demonstrate an extraordinary and compelling reason for a sentence reduction; (2) the district court abused its discretion in finding that Daking would be a danger to the community if released; and (3) the district court abused its discretion by improperly weighing the § 3553(a) factors.

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence "after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and

that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2]

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and the commentary to § 1B1.13 outlines four circumstances that can qualify as extraordinary and compelling reasons to justify a reduction under § 3582(c)(1)(A).[3]  First, a defendant's medical condition may constitute an extraordinary and compelling reason where the defendant is "suffering from a

---

[2] In full, § 3582(c)(1)(A) provides:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the sentencing Commission[.]

With the passage of the First Step Act, Congress expanded the availability of compassionate release by allowing defendants to file motions directly with a district court seeking such relief.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

[3] Daking argues that the district court erred in relying on the commentary to U.S.S.G. § 1B1.13 to determine what constitutes an extraordinary and compelling reason because the commentary has been superseded by the 2018 First Step Act.  Daking's argument is squarely foreclosed by our recent decision in *Bryant*.  *Bryant* clarified that "[t]he statute's procedural change" which allows defendants to file § 3582(c)(1)(A) motions "does not affect the statute's or 1B1.13's substantive standards, specifically the definition of 'extraordinary and compelling reasons,'" and thus "[§] 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions."  996 F.3d at 1247–48 ("[T]he structure of the Guidelines, our caselaw's interpretation of 'applicable policy statement,' and general canons of statutory interpretation all confirm that 1B1.13 is still an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it.").

terminal illness" or the defendant's ability to provide self-care within the environment of a correctional facility is substantially diminished due to a serious physical or medical condition; a serious functional or cognitive impairment; or the deterioration of physical or mental health because of the aging process, from which he is not expected to recover.  U.S.S.G. § 1B1.13, cmt. n.1(A).  Second, the age of the defendant can qualify as an extraordinary and compelling reason if the defendant is at least 65 years old, "experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent" of his term of imprisonment, whichever is less.  *Id.*, cmt. n.1(B).  Third, certain family circumstances can constitute an extraordinary and compelling reason.  *Id.*, cmt. n.1(C).  Fourth, a "catch-all" provision explains that a qualifying reason may exist if "the Director of the Bureau of Prisons" determines "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."[4]  *Id.*, cmt. n.1(D).

---

[4] In *Bryant*, we rejected the defendant's argument that "because the statute now allows for defendant-filed motions, we should replace 'as determined by the BOP' with 'as determined by the court'" in this catch-all provision.  996 F.3d at 1248 (alterations adopted).  In other words, courts do not have "unlimited discretion to grant or deny motions under Application Note 1(D)," and the catch-all provision is only applicable when the Director of the BOP determines an additional extraordinary and compelling reason exists.  *Id.*

Because Daking did not establish an extraordinary and compelling reason for compassionate release, the district court did not err in denying Daking's motion. Daking does not argue that he meets any of the four circumstances outlined in § 1B1.13, rather, he reiterates his argument that his age, medical conditions, and the COVID-19 pandemic together constitute an extraordinary and compelling reason justifying his release. In other words, he asks us to create an additional "extraordinary and compelling reason" based on his particular circumstances in combination with the pandemic. This we cannot do. *Bryant*, 996 F.3d at 1248 ("Application Note 1(D) [to § 1B1.13] does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Because Daking's "circumstances do not match any of the four categories [of extraordinary and compelling reasons]" listed in § 1B1.13, "he is ineligible for a reduction." *Id.* at 1254; 18 U.S.C. § 3582(c)(1)(A) (giving a district court discretion to grant a reduction only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). Thus, the district court did not err by denying Daking's motion for a sentence reduction.[5]

**AFFIRMED.**

---

[5] Because Daking was ineligible for a sentence reduction, we need not address his other arguments that the district court abused its discretion in weighing the 18 U.S.C. § 3553(a) factors or in determining that he would pose a danger to the community if granted early release.